UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ISAAC AMPONSAH; AMA AMPONSAH; PATRICK B. TANNOUS; A2Z, DEVELOPMENT, INC.; TCS, LLC; GENTILI & ROSSINI ASSOCIATES, PUBLIC INSURANCE ADJUSTERS,<br><br>    Defendants. | CIVIL ACTION NO. |

## COMPLAINT FOR DECLARATORY JUDGMENT

### JURSIDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the parties' rights, obligations, and liabilities under a policy of insurance issued by Mount Vernon Fire Insurance Company ("Mount Vernon") to A2Z, Development, Inc. and TCS, LLC. This action specifically seeks a determination as to whether Mount Vernon is obligated under Commercial Liability Policy No. CL 2631241A (the "Policy") to indemnify Patrick B. Tannous and A To Z Development, LLC, alleged to also been known as "A2Z Development, Inc." and "TCS1, LLC," in connection with a lawsuit brought against these parties by Isaac and Ama Amponsah, which is currently before the Providence County Superior Court for the State of Rhode Island, Civil Action No. 15-5219 ("the Underlying Suit"). *See* Second Amended Complaint, attached as Exhibit A.

2. This Court has original jurisdiction over this action by reason of diversity of citizenship between Mount Vernon and the defendants pursuant to the provisions of Title 28, U.S.C. § 1332. In the Underlying Suit, Isaac and Ama Amponsah obtained a Judgment By Default against Patrick B. Tannous in the amount of $350,000. Therefore, the amount in controversy exceeds $75,000.

3. Pursuant to 28 U.S.C. § 1391, venue is proper because Mount Vernon's registered agent for service of process in Rhode Island is the Department of Business Regulation, Insurance Division, which is located in Cranston, Rhode Island; all defendants are subject to personal jurisdiction in the District of Rhode Island; and without a declaration of the rights of the parties, Mount Vernon will be at risk to suffer damages within Rhode Island.

## PARTIES

4. The plaintiff, Mount Vernon Fire Insurance Company, is a foreign corporation, incorporated in the state of Pennsylvania, with a principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania.

5. Upon information and belief, defendants Isaac and Ama Amponsah are residents of the Pawtucket, Rhode Island.

6. Upon information and belief, defendant Patrick B. Tannous is a resident of Warwick, Rhode Island.

7. Upon information and belief, defendants A2Z, Development, Inc. and TCS, LLC have principal places of business located in Woonsocket, Rhode Island or Warwick, Rhode Island.

8. Upon information and belief, defendant Gentili & Rossini Associates, Public Insurance Adjusters ("Gentili"), has a principal place of business located in Franklin, Massachusetts.

## FACTS

### The Underlying Suit And The Amponsahs' Claims

9. Mount Vernon incorporates by reference paragraphs 1 through 8 of the Complaint for Declaratory Judgment as if fully set forth herein.

10. On November 7, 2013, defendants Isaac and Ama Amponsah entered into a contract with "A2Z Development" with regard to construction work on a property owned by the Amponsahs and located at 48 Vale Street, Pawtucket, Rhode Island. *See* Contract, attached as Exhibit B. The contract was signed by Patrick Tannous on behalf of "A2Z Development."

11. The Second Amended Complaint in the Underlying Action alleges that "... Patrick Tannous... failed to complete the job, did not show up for the job and was paid significant monies by Bank of America for work that was not done or completed." *See* Exhibit A, ¶ 15.

12. The Second Amended Complaint also alleges that Patrick Tannous received a total of $86,969.50 from the Amponsahs' homeowners' insurer, but that Mr. Tannous was "... paid for work not completed." *See* Exhibit A, ¶ 19.

13. The Second Amended Complaint also alleges that "[d]efendants performed negligent and/or improper work[.]"

14. Prior to the Underlying Suit being filed, Mount Vernon received a letter from the Amponsah's attorney, Cristine McBurney, dated December 4, 2014. The letter states that Attorney McBurney represents plaintiffs in connection with "... their claim against your insured contractor, Patrick B. Tannous of A to Z Development, with regard to work at my client's property located at 48 Vale Street, Pawtucket, RI."

15. On December 11, 2014, Mount Vernon notified Mr. Tannous and A2Z, Development, Inc. that the Policy afforded no coverage for the Amponsahs' claim.

16. Despite denying coverage to Mr. Tannous and A2Z, Development, Inc. with respect to the Amponsahs' claim, Mount Vernon conducted a full investigation of the claim. This investigation confirmed that the Policy provided no coverage to Mr. Tannous or A2Z, Development, Inc. with respect to the Amponsahs' claim. On April 20, 2015, Mount Vernon sent a second denial of coverage letter to Mr. Tannous and A2Z, Development, Inc.

17. The Amponsahs filed the Underlying Suit on December 1, 2015. The Underlying Suit named Mr. Tannous and A To Z Development, LLC, among other entities, as defendants. The case caption reads that A To Z Development, LLC is also known as "A2Z Development, Inc." and "TCS1, LLC."

18. On January 28, 2016, the Superior Court in the Underlying Suit entered a Judgment By Default against Patrick Tannous in the amount of $350,000. *See* Exhibit C.

19. On April 27, 2016, Gentili filed a cross-claim against Patrick B. Tannous, A To Z Development LLC a/k/a A2Z Development, Inc. a/k/a TCS1, LLC. *See* Exhibit D.

20. Prior to the filing of Gentili's cross-claim, on February 1, 2016, Mount Vernon notified Mr. Tannous, A2Z, Development, Inc. and TCS1, LLC that the Policy did not provide coverage to them with regard to the claims asserted in the Underlying Suit.

21. Mr. Tannous, A2Z, Development, Inc. and TCS1, LLC have never contacted Mount Vernon about its December 11, 2014, April 20, 2015 and February 1, 2016 denial letters, nor have they ever challenged Mount Vernon's coverage position.

### The Pertinent Terms Of The Mount Vernon Policy

22. Mount Vernon issued Commercial Liability Policy No. CL 2631241A to A2Z, Development, Inc. and TCS, LLC for the policy period of October 17, 2013 to October 17, 2014.

4

However, the Policy was cancelled by the insureds' premium finance company, effective December 7, 2013. See Policy, attached as Exhibit E.

23. Section II of the Policy, entitled **"Who Is An Insured,"** provides in pertinent part:

> 1. If you are designated in the Declarations as:...
>
>> c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>>
>> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders...

24. The Named Insureds under the Policy are "A2Z, Development, Inc." and "TCS, LLC." A To Z Development and TCS1, LLC are not insureds under the Policy.

25. The Insuring Agreement under **Coverage A** of the Policy, entitled "Bodily Injury and Property Damage Liability," provides in relevant part:

> **1. Insuring Agreement**
>
>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....
>>
>> b. This insurance applies to "bodily injury" or "property damage" only if:
>>
>>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

> **(2)** The "bodily injury" or "property damage" occurs during the policy period.

26. Mount Vernon contends that any alleged "bodily injury" or "property damage" occurred after the Policy was canceled on December 7, 2013.

27. An "occurrence" is defined by the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

28. Mount Vernon contends that the damages sought by the Amponsahs in the Underlying Suit were not caused by an "occurrence" as that term is defined by the Policy.

29. **Exclusion a.** of the Policy, entitled **"Expected Or Intended Injury,"** provides:

> This insurance does not apply to:
>
> "property damage"... expected or intended from the standpoint of the insured...

30. Mount Vernon contends that the damages alleged in the Underlying Suit were either "... expected or intended from the standpoint of the insured[.]" Therefore, exclusion a. of the Policy precludes coverage for all damages alleged in the Underlying Suit.

31. The Policy also contains Endorsement CG 2139, which defines what an insured contract means:

> **"Insured contract" means:**
>
> **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
>
> **b.** A sidetrack agreement;
>
> **c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

6

> d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
>
> e. An elevator maintenance agreement.

32. **Exclusion b**, entitled **Contractual Liability**, excludes coverage for the following:

> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> **(1)** That the insured would have in the absence of the contract or agreement...

33. Mount Vernon contends that the damages alleged in the Underlying Suit arises solely from "A2Z Development's" obligations under its contract with the Amponsahs. Therefore, exclusion b would preclude coverage for all damages alleged in the Underlying Suit.

34. Exclusion j, entitled "**Damage To Property**," provides, in relevant part:

> This insurance does not apply to... "Property Damage" to:...
>
> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations.
>
> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it...
>
> ... Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

35. The Policy's definition of "your work" is:

> a. Means:
>
> **(1)** Work or operations performed by you or on your behalf; and

      **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    b. Includes:

      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      **(2)** The providing of or failure to provide warnings or instructions.

36.   Mount Vernon contends that the Underlying Suit alleges "property damage" to that "particular part of real property" on which the insureds performed operations, and that the "property damage" arose during these operations. Thus, exclusion j(5) would act to preclude coverage for any such "property damage" claims.

37.   Mount Vernon also contends that the Underlying Suit alleges "property damage" that does not fall within the "products-completed operation hazard" exception to subparagraph (6) of exclusion j. Thus, exclusion j(6) also acts to preclude coverages for such "property damage" claims.

38.   The Policy also contains a "Classification Limitation Endorsement," which reads:

**CLASSIFICATION LIMITATION ENDORSEMENT**

Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.

No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy. ...

39.   The classifications listed on the Policy are "Contractors- subcontracted work- in connection with construction, reconstruction, repair or erection of buildings," and "Contractors- Executive Supervisors or Executive Superintendents."

40.     Mount Vernon contends that the Underlying Suit alleges that the insureds performed the actual work, construction, reconstruction or repairs. Therefore, the Classification Limitation Endorsement precludes coverage for all damages alleged in the Underlying Suit.

41.     The Policy also contains an exclusion entitled "Absolute Exclusion For Pollution, Organic Pathogen, Silica, Asbestos, and Lead With A Hostile Fire Exception."

42.     Mount Vernon contends that all or part of the damages alleged in the Underlying Suit arise out of the presence of organic pathogens, including, but not limited to mold, fungus or mildew, silica, asbestos, and/or lead. Therefore, the "Absolute Exclusion For Pollution, Organic Pathogen, Silica, Asbestos, and Lead With A Hostile Fire Exception" acts to preclude coverage for all or some of the damages alleged in the Underlying Suit.

## COUNT I- REQUEST FOR DECLARATORY JUDGMENT

43.     Mount Vernon incorporates by reference paragraphs 1 through 42 of the Complaint for Declaratory Judgment as if fully set forth herein.

44.     An actual controversy exists between Mount Vernon and the defendants as to whether Mount Vernon is obligated to indemnify Mr. Tannous, A2Z, Development, Inc. and/or TCS, LLC with respect to the Judgment By Default obtained by the Amponsahs in the Underlying Suit, and with respect to the cross-claim asserted by Gentili.

45.     Mount Vernon seeks a declaratory judgment that, pursuant to terms of the applicable Mount Vernon Policy, Mount Vernon is not obligated to indemnify Mr. Tannous, A2Z, Development, Inc. and/or TCS, LLC with respect to the Judgment By Default obtained by the Amponsahs in the Underlying Suit, and with respect to the cross-claim asserted by Gentili.

# PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Mount Vernon Fire Insurance Company, respectfully requests that this Court enter an order:

A. declaring that Mount Vernon Fire Insurance Company is not obligated to indemnify Patrick Tannous, A2Z, Development, Inc. and/or TCS, LLC with respect to the Judgment By Default obtained by Isaac and Ama Amponsah in the Underlying Suit, and with respect to the cross-claim asserted by Gentili;

B. awarding Mount Vernon Insurance Company relief pursuant to Fed. R. Civ. P. 54(d), including but not limited to costs, expenses, and attorney's fees associated with this declaratory judgment action; and

C. awarding such other and further relief as the Court deems necessary and proper.

The Plaintiff,
MOUNT VERNON FIRE INSURANCE COMPANY,
By its attorneys,

*/s/ Scarlett M. Rajbanshi*
Scarlett M. Rajbanshi, BBO #7800
PEABODY & ARNOLD LLP
Federal Reserve Building
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951-2100
srajbanshi@peabodyarnold.com

Dated: May 11, 2016

PABOS2:SRAJBAN:865972_1
15948-200173