UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC AMPONSAH; AMA AMPONSAH; PATRICK B. TANNOUS; A2Z, DEVELOPMENT, INC.; TCS, LLC; GENTILI & ROSSINI ASSOCIATES, PUBLIC INSURANCE ADJUSTERS,<br><br>Defendants. | CIVIL ACTION NO.  1:16-cv-00210-S |

**SUMMARY OF FACTS AND LEGAL ISSUES SUBMITTED BY PLAINTIFF MOUNT VERNON FIRE INSURANCE COMPANY**

Pursuant to this Court's Order of August 31, 2016, plaintiff Mount Vernon Fire Insurance Company submits the following summary of facts and legal issues pertaining to its claim for declaratory judgment.

**I.     FACTUAL BACKGROUND**

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the parties' rights, obligations, and liabilities under a policy of insurance issued by Mount Vernon to A2Z, Development, Inc. and TCS, LLC. This action specifically seeks a determination as to whether Mount Vernon is obligated under Commercial Liability Policy No. CL 2631241A (the "Policy") to indemnify Patrick B. Tannous and A To Z Development, LLC, alleged to also been known as "A2Z Development, Inc." and "TCS1, LLC," in connection with a lawsuit brought against these parties by Isaac and Ama Amponsah, which is currently before the Providence County Superior Court for the State of Rhode Island, Civil Action No. 15-5219 ("the Underlying Suit").

### A. The Underlying Suit Filed By Isaac And Ama Amponsah

On November 7, 2013, defendants Isaac and Ama Amponsah entered into a contract with "A2Z Development" with regard to construction work on a property owned by the Amponsahs and located at 48 Vale Street, Pawtucket, Rhode Island. The Second Amended Complaint in the Underlying Suit alleges that "… Patrick Tannous… failed to complete the job, did not show up for the job and was paid significant monies by Bank of America for work that was not done or completed." The Second Amended Complaint also alleges that Patrick Tannous received a total of $86,969.50 from the Amponsahs' homeowners' insurer, but that Mr. Tannous was "… paid for work not completed." The Second Amended Complaint also alleges that "[d]efendants performed negligent and/or improper work[.]" On January 28, 2016, the Superior Court in the Underlying Suit entered a Judgment By Default against Patrick Tannous in the amount of $350,000. On April 27, 2016, defendant Gentili & Rossini Associates, Public Insurance Adjusters filed a cross-claim for contribution and common law indemnification against Patrick B. Tannous, A To Z Development LLC a/k/a A2Z Development, Inc. a/k/a TCS1, LLC.

### B. The Mount Vernon Insurance Policy

The Policy was issued by Mount Vernon to A2Z, Development, Inc. and TCS, LLC for the policy period of October 17, 2013 to October 17, 2014. However, the Policy was cancelled by the insureds' premium finance company, effective December 7, 2013. A complete copy of the Policy is attached as Exhibit E to Mount Vernon's Complaint for Declaratory Judgment.

Mount Vernon has asserted several defenses to coverage that are fully set forth in its Complaint for Declaratory Judgment. First and foremost, Mount Vernon contends that any "property damage" alleged in the Underlying Suit occurred after the Policy was canceled on December 7, 2013. In addition, the Policy requires that the alleged "property damage" arise from an "occurrence," which is defined by the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Mount Vernon contends that the damages sought by the Amponsahs in the Underlying Suit were not caused by an "occurrence" as that term is defined by the Policy and Rhode Island law.

In addition, the above, Mount Vernon contends that coverage is precluded by a number of exclusions issued with Coverage A of the Policy: Exclusion a, entitled "Expected Or Intended Injury"; Exclusion b, entitled "Contractual Liability"; Exclusion j, entitled "Damage To Property"; and the "Absolute Exclusion For Pollution, Organic Pathogen, Silica, Asbestos, and Lead With A Hostile Fire Exception." Finally, coverage is also precluded by the "Classification Limitation Endorsement" issued with the Policy.

### II. PERTINENT LEGAL ISSUES

1. The construction of an insurance policy is a legal issue for the court. *Indian Harbor Ins. Co. v. Assurance Co. of Am.*, CA 08-146 ML, 2010 WL 2365571 (D.R.I. May 21, 2010) *report and recommendation adopted*, CIV.A. 08-146 ML, 2010 WL 2346654 (D.R.I. June 9, 2010). With regard to interpreting insurance policy terms:

> Rhode Island courts interpret insurance policy terms according to the same rules of construction governing contracts. The courts look at the four corners of a policy, viewing it in its entirety, affording its terms their plain, ordinary[,] and usual meaning. The test to be applied is not what the insurer intended by his words, but what the ordinary reader and purchaser would have understood them to mean. When the terms of an insurance policy are found to be clear and unambiguous, judicial construction is at an end, and the contract terms must be applied as written. Whether coverage exists in any given case for a damage-causing event depends first and foremost upon the precise terms and conditions of the policy in question.

See id., quoting *Armbrust Int'l, Ltd. v. Travelers Cas. & Sur. Co. of Am.*, No. C.A. 04–212 ML, 2006 WL 1207659, at *5 (D.R.I. May 1, 2006) (internal quotation marks and citations omitted).

2. Under Rhode Island law, "an occurrence ... happens when the property damage manifests itself or is discovered or in the exercise of reasonable diligence is discoverable." See *General Acc. Ins. Co. of America v. American Nat. Fireproofing, Inc.*, 716 A.2d 751, 758 (R.I. 1998); see also *Textron, Inc. v. Aetna Cas. & Sur. Co.*, 754 A.2d 742, 746 (R.I. 2000) ("Property damage triggers coverage under this type of comprehensive general-liability-insurance policy when the damage (1) manifests itself, (2) is discovered or, (3) in the exercise of reasonable diligence is discoverable").

3. Under Rhode Island law, faulty workmanship does not constitute an "occurrence." See *Boisse v. Miller*, 2013 WL 4235342 (R.I.Super.) ("...poor workmanship is a business risk to be borne by the insured; construing a policy as providing coverage for faulty workmanship, therefore, would improperly transform the insurer into a guarantor of the insured's work"); see also *WM Hotel Group, LLC v. Pride Const., Inc.*, 2008 WL 914372 (R.I. Super.) (both parties agreed that faulty workmanship is not an occurrence under a commercial general liability policy).

        The Plaintiff,
        MOUNT VERNON FIRE INSURANCE COMPANY,
        By its attorneys,


        */s/ Scarlett M. Rajbanshi*
        Scarlett M. Rajbanshi, BBO #7800
        PEABODY & ARNOLD LLP
        Federal Reserve Building
        600 Atlantic Avenue
        Boston, MA 02210-2261
        (617) 951-2100
        srajbanshi@peabodyarnold.com

Dated: September 16, 2016

## CERTIFICATE OF SERVICE

    I, Scarlett M. Rajbanshi, do hereby certify that I have, this 16th day of September, 2016, served the foregoing document, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF):

                                                                                  */s/Scarlett M. Rajbanshi*

PABOS2:SRAJBAN:979325_1
15948-200173