# EXHIBIT 14

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims (hereinafter "AGREEMENT"), effective as of the date of execution by Isaac and Ama Amponsah (hereinafter "EFFECTIVE DATE"), is entered into by and between the claimants Isaac and Ama Amponsah, and all persons acting on their behalf or entitled to make claims by and through them (hereinafter "CLAIMANTS") on the one hand, and Mount Vernon Fire Insurance Company and its current and former owners, employees, officers, directors, agents, partners, affiliates, parent companies, subsidiaries, assigns, successors, predecessors, attorneys, insurers and third-party adjusters (but expressly excluding Gentili & Rossini Associates, Public Insurance Adjusters) (hereinafter "MOUNT VERNON"), on the other. The CLAMANTS and MOUNT VERNON shall be collectively referred to as "the PARTIES."

[Formatted: Font: Not Bold]

The PARTIES now wish to effectuate a full and complete settlement of all claims that the CLAIMANTS have or may in the future have against MOUNT VERNON and/or MOUNT VERNON's insureds arising from the lawsuit entitled *Amponsah v. Tannous et al.*, Providence County Superior Court for the State of Rhode Island Civil Action No. PC2015-5219 (hereinafter "the AMPONSAH ACTION"), and *Mount Vernon Fire Insurance Company v. Amponsah et al.*, U.S. District Court for the District of Rhode Island Civil Action No. 1:16-cv-00210-S-PAS (hereinafter "the DJ ACTION").

Wherefore, the PARTIES agree as follows:

1. In consideration for the release of claims and other promises made herein by CLAIMANTS, MOUNT VERNON will pay the CLAIMANTS the total gross sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000) (the "SETTLEMENT PAYMENT"). The SETTLEMENT PAYMENT will be made in the form of check made payable to "Isaac

Amponsah, Ama Amponsah and John Ennis, Esq. as their attorney."

In consideration of the SETTLEMENT PAYMENT set forth in Paragraph 1, above, the sufficiency of which is hereby acknowledged by the CLAIMANTS, together with other good and valuable consideration, the CLAIMANTS hereby remise, release and forever discharge MOUNT VERNON, Patrick B. Tannous, A To Z Development, LLC, A2Z Development, Inc., TCS1, LLC, TCS LLC and their respective current and former owners, employees, officers, directors, agents, partners, affiliates, parent companies, subsidiaries, assigns, successors, predecessor, attorneys, insurers, and third-party adjusters (collectively referred to herein as " the RELEASEES"), of and from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, complaints, charges, contracts, promises, omissions, debts, damages, costs, attorney's fees, expenses, compensations, liabilities, and administrative charges of any nature whatsoever, known and unknown, whether corporate, individual or derivative, based on tort, contract, bad faith, or other theory of recovery, and whether for compensatory, multiple or punitive damages or other relief, real or alleged, which the CLAIMANTS now have, or which may hereafter accrue, against the RELEASEES, arising out of events occurring through the date of execution of this AGREEMENT, including, without limitation, the allegations raised or that could have been raised in the AMPONSAH ACTION and/or the DJ ACTION, including without limitation any claims asserted or unasserted and any claims the CLAIMANTS may have under federal or state law, statutes, public policies, orders or regulations, and including but not limited to all such allegations under R.I. Gen. Laws Ann. § 9-1-33; and all such allegations for intentional and/or negligent infliction of emotional distress, negligence, breach of contract, misrepresentation, fraud, unjust enrichment, breach of fiduciary duty, or any other allegation of any nature. This release does NOT release any claims CLAIMANTS now have or may have in

2

the future against Gentili & Rossini Associates, Public Insurance Adjusters or Bank of America, N.A.

In further consideration of the payment specified above, the CLAIMANTS hereby agree to file a motion to vacate the default judgment entered against Patrick B. Tannous in the AMPONSAH ACTION. The CLAIMANTS also agree to dismiss with prejudice, with all rights of appeal waived, all claims asserted in the AMPONSAH ACTION against Patrick B. Tannous, A To Z Development LLC a/k/a A2Z Development, Inc. a/k/a TCS1, LLC. Immediately thereafter, MOUNT VERNON will dismiss with prejudice, with all right of appeal waived, the DJ ACTION.

~~In further consideration of the payment specified above, the CLAIMANTS hereby agree to defend, indemnify and hold the RELEASEES harmless from any and all claims, demands, actions, proceedings and causes of action, of any nature or character, which have been or may hereafter be asserted by any person, firm, agency, government, corporation and other entity arising out of the AMPONSAH ACTION and/or the DJ ACTION resulting from or in any manner related to the damages the CLAIMANTS allege to have sustained and/or the allegations set forth in the AMPONSAH ACTION and/or the DJ ACTION. The duty to indemnify against such claims, demands, actions, proceedings and causes of action, shall include, without limitation, reimbursement for any and all costs, expenses and attorney's fees incurred by the RELEASEES. With regard to any lien, governmental or otherwise, that has been or could be asserted by anyone, the CLAIMANTS hereby acknowledge and agree that the resolution of all issues concerning such liens, including the satisfaction of all valid liens, shall be the CLAIMANTS' sole responsibility.~~

[Formatted: Font: Not Bold]

2. **This Agreement is a Joint Tortfeasor Release under the Contribution Among**

3

**Joint Tortfeasors Act, R.I. Gen. Law §10-6-7, et seq. All tort claims for damages recoverable by CLAIMANTS against all other persons, whether or not named in the AMPONSAH ACTION or the DJ ACTION is to be reduced by the SETTLEMENT PAYMENT or the statutory pro rata share of the RELEASEES under the Contribution Among Joint Tortfeasors Act, whichever is greater. This Agreement relieves the RELEASEES from liability to make contribution under R.I. Gen. Law § 10-6-8 or any other law. This section does not apply to damages against Bank of America, N.A. arising from its breach of contractual duty as servicer and escrow agent. However, if plaintiffs obtain a judgment against ~~if~~ Bank of America, N.A. ~~is liable for~~ related to any tort claims ~~negligence for its disbursal of the settlement proceeds and is able to seek contribution from the Releasees,~~ the SETTLEMENT PAYMENT ~~this release~~ shall operate as an offset toward any such judgment ~~release up to the amount of $25,000.00~~,**

3. The CLAIMANTS acknowledge and agree that they expressly waive and assume the risk of any and all claims for damages that they may have against the RELEASEES which exist as of this date and are released hereunder, but which the CLAIMANTS do not know of or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise. The CLAIMANTS further acknowledge that the release set forth herein is a general release, and that they have accepted the terms specified herein as a compromise of matters involving disputed issues of law and fact between CLAIMANTS and the RELEASEES, and that the CLAIMANTS fully assume the risk that the law or facts may be otherwise than believed or understood.

4. The CLAIMANTS represent and warrant that they are fully authorized to execute this AGREEMENT on their own behalf. The CLAIMANTS further represent and warrant that no other person or entity has any interest in the claims, demands, obligations or causes of action

4

released herein and that they has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action released herein.

5. The CLAIMANTS understand and agree that nothing in this AGREEMENT shall be construed or taken as an admission of wrongdoing or liability, which MOUNT VERNON expressly denies. The CLAIMANTS further understand that no action taken by MOUNT VERNON in performance of its obligations under the AGREEMENT shall be construed as evidence of the validity of any of the allegations made by the CLAIMANTS.

6. The PARTIES shall each bear their own attorneys' fees and costs in connection with this matter.

7. The provisions of this AGREEMENT are severable. If any part of this AGREEMENT is found to be unenforceable, the other parts shall remain fully valid and enforceable.

8. This AGREEMENT shall be governed and interpreted in accordance with the laws of the State of Rhode Island.

9. This AGREEMENT is the result of arms length negotiations between the PARTIES, all of whom are represented by counsel, and no provision of the AGREEMENT is to be construed against any of the PARTIES as the drafter of that provision.

10. In entering into this Agreement, the CLAIMANTS represent that they have relied upon the legal advice of personally selected counsel, that the terms of this AGREEMENT have been completely read and explained, and that those terms are fully understood and voluntarily agreed to free from duress. The CLAIMANTS further acknowledge that they have not relied on any representation of fact or opinion made by any attorney or representative of MOUNT VERNON concerning the nature, extent, or duration of said damages or losses, the legal liability

for such damages and/ or the possible tax consequences of this settlement and the receipt of the SETTLEMENT PAYMENT specified herein.

11. The CLAIMANTS warrant and assert that they have fully satisfied themselves of all matters necessary to knowingly enter into this AGREEMENT, that they will be responsible for determining the tax consequences of the SETTLEMENT PAYMENT, and that they shall indemnify and hold harmless the RELEASEES of and from any taxes, interest, lawsuits, claims, or penalties imposed by taxing authorities or lien holders with respect to the SETTLEMENT PAYMENT.

11. <u>Medicare</u>. <u>The CLAIMANTS expressly state that no bodily injuries were sustained arising out of any of the allegations asserted in the AMPONSAH ACTION or the DJ ACTION. However,</u> Tthe CLAIMANTS declare and expressly warrant that they are not Medicare eligible and do not expect to be eligible for Medicare benefits during the next 30 months following the date of this AGREEMENT; are not 65 years of age or older; are not suffering from end stage renal failure or emyotrophic lateral sclerosis; have not received Social Security benefits for 24 months or longer; and have not applied for Social Security benefits, and/or have not been denied Social Security disability benefits and appealing the denial. The CLAIMANTS further warrant that there are no future Medicare or Medicaid-covered treatments or medications related to the illnesses and/or emotional distress allegedly sustained related to the claims asserted in the AMPONSAH ACTION and/or the DJ ACTION. Relying on these representations, no Medicare Set Aside Allocation ("MSA") is being established. In the event that any of the above information provided by the CLAIMANTS is false or in any way incorrect, the CLAIMANTS shall be solely liable for any and all actions, causes of actions, penalties, claims, costs, services, compensation or the like resulting from these inaccuracies. The

CLAIMANTS acknowledge that Medicare may require them to exhaust the entire settlement proceeds on Medicare covered expenses should they become Medicare eligible within thirty (30) months. The CLAIMANTS specifically waive any claims for damages against the RELEASEES, including a private cause of action provided in the Medicare Secondary Payer Act, 42 U.S.C. Section 1395(b)(3)(A), should Medicare deny coverage for any reason, including the failure to establish a set aside allocation to protect Medicare's interest. The CLAIMANTS, upon advice of counsel, and in accord with this AGREEMENT, agree that any and all applicable medical and other liens related to this litigation are to be paid out of the settlement proceeds, and that Medicare and any other liens related to this litigation are to be paid out of the settlement proceeds, and that Medicare and any other lien claims are not the responsibility of the RELEASEES. In the event that this information is false or in any way incorrect, the CLAIMANTS expressly warrant and agree that said liens will be their sole responsibility and will be paid from these settlement proceeds with nothing further to be sought from RELEASEES.

    The CLAIMANTS warrant that they will ensure that all valid liens are satisfied from the proceeds of the settlement funds if such liens have not been satisfied prior to the date of settlement. The CLAIMANTS acknowledge that payment of settlement funds is conditioned upon their agreement to reimburse the lienholders for any funds that they would be entitled to recover and to provide MOUNT VERNON with proof that all liens have been satisfied. The CLAIMANTS further agree to facilitate MOUNT VERNON'S efforts to report the amount of this settlement to the Centers for Medicaid & Medicaid Services ("CMS") so that it may comply with CMS' reporting requirements.

    The CLAIMANTS agree to defend, indemnify, and hold RELEASEES harmless from

and against any claims, demands, or lawsuits in any way relating to enforcement or collection of any liens, including but not limited to attorney's fees, medical insurers, Medicare, Medicaid, collection agencies, or others for medical expenses paid to or on behalf of the CLAIMANTS or incurred in connection with the incident on which the litigation is based.

Should the Centers for Medicare & Medicaid Services ("CMS") or any of its affiliates or subcontractors, submit or make any claim, allegation, investigation, or otherwise inquire about any Medicare- or Medicaid-related expenses alleged by CMS to be associated with this claim at any time in the future, the CLAIMANTS expressly agree to cooperate with MOUNT VERNON or any of their agents, subsidiaries, or designees in responding to or addressing the claims raised by CMS. This includes, but is not limited to, providing MOUNT VERNON with a consent form so they can transmit and receive data to and from CMS (including medical information), providing MOUNT VERNON with details about any alleged expenses CMS claims is related to this claim, and any other information that is reasonably necessary to allow MOUNT VERNON to properly address any claim by CMS.

12. This document contains the entire agreement between the PARTIES. There are no other understandings or agreements, verbal or otherwise, between the PARTIES except as expressly set forth herein. Any previous agreement made between the PARTIES regarding the matters set forth herein is superseded by this AGREEMENT.

13. It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

ISAAC AMPONSAH       [Formatted: Indent: Left: 0", First line: 0"]

_____        _____

8

_____          _____
Full Name as it appears on your             Social Security Number
Social Security Card


_____          _____
Address                                     Date of Birth


_____          _____
Medicare Health Insurance                   Gender
Claim No. (HICN)

AMA AMPONSAH


_____          _____
Full Name as it appears on your             Social Security Number
Social Security Card


_____          _____
Address                                     Date of Birth


_____          _____
Medicare Health Insurance                   Gender
Claim No. (HICN)


Executed this _____ day of _____, 2016 as an instrument under seal.


_____          _____
Witness (Signature)                         Isaac Amponsah


_____
Witness Name (Printed)


Executed this _____ day of _____, 2016 as an instrument under seal.


_____          _____
Witness (Signature)                         Ama Amponsah


_____

9

_____
Witness Name (Printed)

PABOS2:SRAJBANSHI:1270308_1
15948-200173